UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WALTER REAMEY, | ) | 1:08-CV-01018 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS PURSUANT TO 28 |
| v. | ) | U.S.C. § 2241 |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| GREG VANCE, et al., | ) | TO ENTER JUDGMENT |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) on August 6, 2008.

To the extent the petition can be understood, it appears that Petitioner is challenging a conviction sustained in Ohio. He raises numerous complaints regarding this conviction in his petition. He claims a Dayton police officer committed perjury and Petitioner's defense attorney concealed said perjury. He further contends the police officer fabricated the charges against him. He also brings claims of ineffective assistance of counsel and conflict of interest.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28

1  U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v. Smith, 719
2  F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,
3  643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, *only the sentencing court has jurisdiction*.
4  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by
5  way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States,
6  929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616
7  F.2d 840, 842 (5th Cir.1980).

8       In contrast, a federal prisoner challenging the manner, location, or conditions of that
9  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
10 Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,
11 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United
12 States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd
13 Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United
14 States, 610 F.2d 672, 677 (9th Cir. 1990).

15      A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he
16 can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of
17 his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  Although
18 there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the
19 Ninth Circuit has recognized that it is a very narrow exception. Id; Holland v. Pontesso, 234 F.3d
20 1277 (9th Cir. 2000) (Section 2255 not inadequate or ineffective because Petitioner misses statute of
21 limitations);  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (Dismissal of a successive motion
22 attacking sentence did not render such motion procedure an ineffective or inadequate remedy, so as
23 to authorize federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's
24 denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.);  Tripati, 843 F.2d at
25 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition
26 inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582
27 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural
28 requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

1 The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v.
2 United States, 315 F.2d 76, 83 (9th Cir. 1963).
3    In this case, Petitioner challenges the underlying conviction and sentence. Because he is
4 alleging errors in his conviction and sentence, and not errors in the administration of his sentence,
5 the Court finds that Petitioner is not entitled to relief under § 2241, and his petition should be
6 dismissed. In addition, Petitioner makes no claim that § 2255 is inadequate or ineffective. Should
7 the Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate
8 or set aside pursuant to 28 U.S.C. § 2255.[1]  The petition must be dismissed.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED; and

2) The Clerk of Court is DIRECTED to enter judgment.


IT IS SO ORDERED.

Dated:   **August 11, 2008**              **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges an Ohio conviction; therefore, Petitioner should bring his § 2255 motion in the appropriate District Court for the State of Ohio.